■ In the Matter of ADJUNCT FACULTY ASSOCIATION OF NASSAU COMMUNITY COLLEGE, Respondent, v FRANCIS T. PURCELL, as County Executive of the County of Nassau, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the appellant Nassau County Executive, dated May 16, 1983, which reversed a determination of a grievance board, dated March 29, 1983 which was in favor of the petitioner, and dismissed the grievance, the appeal is from a judgment of the Supreme Court, Nassau County (Brucia, J.), dated March 12, 1985, which granted the petitioner's motion to strike the appellants' answer, and, in effect, granted the petition by declaring that the grievance board's determination remain in effect.

Judgment affirmed, with costs.

The record establishes that the appellants Sean Fanelli, President of Nassau Community College, and the Nassau Community College Board of Trustees, by appealing the "Partial Decision and Remedy" of the grievance board, dated February 11, 1983, to the County Executive, prematurely proceeded to step IV of the grievance procedure set forth in the collective bargaining agreement (§ 22.2 [e]), because a complete written decision by the grievance board was not issued until March 29, 1983. Pursuant to section 22.2 (d) of the parties' agreement, in order to proceed to step IV, a decision of the grievance board must "be in writing and shall include all relevant considerations and facts leading to the decision together with reasons for denial if the grievance is dismissed, or remedy and redress if the grievance is sustained." Since the partial decision of the grievance board contained no facts or items considered in making the decision, it could not be appealed to the County Executive pursuant to step IV of the grievance procedure. As a result, the "Step IV Decision" of the County Executive's appointed designee, dated March 4, 1983, which, in effect, reinstated the original determination of Nassau Community College, could have no binding effect upon the parties. Furthermore, any purported waiver by the petitioner of the 15-day time limitation provided for in the collective bargaining agreement (§ 22.2 [e]), with respect to when the County Executive must render a step IV decision, based upon the invalid March 4, 1983 determination, is ineffective. Since the grievance board's complete written decision was not received by the County Executive's designee until April 8, 1983, and the designee did not issue his own determination within 15 days thereafter, as required by the collective bargaining agreement, Special Term was correct in concluding that the decision, which was issued on May 16, 1983, was untimely and should be given no effect.

We have considered the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.